**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

CAMBRIDGE MUTUAL FIRE INSURANCE COMPANY a/s/o DAVID KRUG,

Plaintiff,

v.

STIHL INCORPORATED, *et al.*

Defendants.

Civil Action No. 22-05893 (JXN) (MAH)

**OPINION**

**NEALS**, District Judge

This matter comes before the Court upon Defendant STIHL Incorporated's ("STIHL" or "Defendant") motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 6.) Plaintiff Cambridge Mutual Insurance Company a/s/o David Krug ("Cambridge Mutual" or "Plaintiff") filed an opposition (ECF No. 9), and Defendant replied in further support (ECF No. 12). Jurisdiction is proper pursuant to 28 U.S.C. §1332. Venue is proper pursuant to 28 U.S.C. §1441(a). The Court has considered the submissions made in support of and in opposition to the motion and decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons set forth below, Defendant's motion to dismiss is **GRANTED,** and the Complaint is dismissed without prejudice.

## I. BACKGROUND[1]

This action arises out of an alleged fire that caused damage to homeowner and insured David Krug's ("Krug") property located at 22 Hillcrest Terrace, Riverdale, New Jersey ("the

[1] When reviewing a motion to dismiss, a court accepts as true all well-pleaded facts in the complaint. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009).

Property"). (*See* Complaint ("Compl.") ¶¶ 2-4, ECF No. 1-1.) Krug's insurer, Cambridge Mutual, filed this subrogation lawsuit. (*Id*.)

According to the Complaint, on March 23, 2022, there was a fire at the Property. Plaintiff alleges that "[t]he cause of the fire was related to a STIHL product," a chainsaw, and the product's "appurtenances included a charging device." (Comp. ¶¶ 10-11). Plaintiff claims the products were not only defective but also were unfit "for their intended purposes and imposed an unreasonable risk of danger as being a potential fire hazard." (Comp. ¶¶ 12-13). Finally, Plaintiff alleges that "Defendants' products were the proximate cause of the fire" and that "Defendants are liable in strict products liability." (Comp. ¶¶ 14-15).

Plaintiff originally filed its Complaint in the Superior Court of New Jersey, Morris County, Law Division, on August 18, 2022. (*See* Compl.) On October 5, 2022, STIHL removed the action to this Court. (*See* Notice of Removal, ECF No. 1). Following removal, on October 11, 2022, STHIL moved to dismiss Plaintiff's Complaint. (ECF No. 6.) In lieu of an opposition brief, on October 19, 2022, Plaintiff filed a letter brief in opposition to STHIL's motion. (ECF No. 9.) STHIL filed a reply in further support of its motion. (ECF No. 12.)

## II. LEGAL STANDARD

Under Rule 8 of the Federal Rules of Civil Procedure, a pleading is sufficient so long as it includes "a short and plain statement of the claim showing that the pleader is entitled to relief" and provides the defendant with "fair notice of what the . . . claim is and the grounds upon which it rests[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)) (internal quotations omitted). In considering a Rule 12(b)(6) motion to dismiss, the court accepts as true all the facts in the complaint and draws all reasonable inferences in favor of the plaintiff. *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008). Moreover, dismissal

is inappropriate even where "it appears unlikely that the plaintiff can prove those facts or will ultimately prevail on the merits." *Id.*

While this standard places a considerable burden on the defendant seeking dismissal, the facts alleged must be "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. That is, the allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Id.* Accordingly, a complaint will survive a motion to dismiss if it provides a sufficient factual basis such that it states a facially plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). In order to determine whether a complaint is sufficient under these standards, the Third Circuit requires a three-part inquiry: (1) the court must first recite the elements that must be pled in order to state a claim; (2) the court must then determine which allegations in the complaint are merely conclusory and therefore need not be given an assumption of truth; and (3) the court must assume the veracity of well-pleaded factual allegations and ascertain whether they plausibly give rise to a right to relief. *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010).

## III. DISCUSSION

Pleading that a fire occurred at a New Jersey residence and that a STIHL product was present at the New Jersey residence at the time of the fire is alone insufficient to state a claim against STIHL Incorporated. Defendant argues that Plaintiff's Complaint is "a textbook shotgun pleading" as it fails to provide "no factual allegations giving rise to liability -- it just asserts unfounded legal conclusions." (ECF No. 6-1 at 5.) The Court agrees.

Complaints that violate Rule 8 are often referred to as "shotgun pleadings." *See Bartol v. Barrowclough*, 251 F. Supp. 3d 855, 859 (E.D. Pa. 2017). "The Third Circuit has criticized 'the all too common shotgun pleading approach' to complaints," which conflicts with the mandates of

Rule 8(a)(2). See *id*. (quoting *Hynson v. City of Chester Legal Dep't*, 864 F.2d 1026, 1031, n. 13 (3d Cir. 1988)). The Court of Appeals for the Eleventh Circuit has addressed shotgun pleadings in detail, and "district courts within the Third Circuit often cite to the Eleventh Circuit for this law." *Id.* at 859, n.3; *see Weiland v. Palm Beach County Sheriff's Office*, 792 F.3d 1313, 1320-1323 (11th Cir. 2015). There are four readily identifiable categories of shotgun pleadings, including complaints that (i) contain multiple counts where each count adopts the allegations of all preceding counts; (ii) are replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action; (iii) do not separate into each count each cause of action or claim for relief; and (iv) assert multiple claims against multiple defendants without specifying which of them are responsible for which acts or omissions. *Bartol*, 251 F. Supp. 3d at 859 (citing *Weiland*, 792 F.3d at 1321-1323). "And, although there are several characteristics that can make a complaint a shotgun pleading, they all have in common one thing: 'fail[ure] to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests.'" *Grande v. Starbucks Corp.*, C.A. No. 18-04036, 2019 U.S. Dist. LEXIS 56292, at *5 (E.D. Pa. Apr. 1, 2019).

Plaintiff claims that "the cause of the fire was related to a Stihl product[,]" which the Complaint identifies as a chainsaw and its charging device. (Compl. ¶¶ 10-11.) In support of that conclusion, Plaintiff alleges that (1) the "products were defective[,]" (Compl. ¶ 12); (2) not fit for their intended purposes and imposed an unreasonable risk of danger as being a potential fire hazard[,]" (Compl. ¶ 13); (3) "Defendants are liable in strict products liability[,]" (Compl. ¶ 14); and (4) that "Defendants' product was the proximate cause of the fire." (Compl. ¶ 15). These conclusory allegations are insufficient to satisfy the pleading standard of Rule 8(a). Additionally, Plaintiff's Complaint fails to attach the factual allegations to any identifiable causes of action. Because the Complaint only contends legal conclusions and the Court is "not bound to accept as

true a legal conclusion couched as a factual allegation," the Complaint should be dismissed without prejudice to allow Plaintiff to amend its Complaint. *Boring v. Google, Inc.*, 362 F. Appx. 273, 278 (3d Cir. 2010) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1968).

Moreover, in its opposition letter, Plaintiff fails to address or defend the arguments raised in Defendant's motion. (See ECF No. 9.) Instead, Plaintiff argued that STHIL was put on notice of the claims against them during the "joint scene examination" that occurred on April 27, 2022. (*Id.* at 1.) However, irrespective of what the parties observed during the joint scene examination, Plaintiff's Complaint fails to provide necessary factual allegations to support any of the claims or causes of action it is attempting to bring against STIHL. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft*, 556 U.S. at 678. As Plaintiff's Complaint fails to meet this standard it will be dismissed without prejudice. The Court will grant Plaintiff an opportunity to file an amended complaint. Plaintiff must provide factual contentions that allow the Court to reasonably infer whether Defendant is liable for the alleged misconduct rather than asserting legal conclusions. *See Ashcroft*, 556 U.S. at 678.

## IV.   CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss (ECF No. 6) is **GRANTED,** and Plaintiff's Complaint is **DISMISSED without prejudice**. An appropriate Form of Order accompanies this Opinion.

    **s/ Julien Xavier Neals**
**JULIEN XAVIER NEALS**
**United States District Judge**